IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DANIEL KOFI AWUKU-ASARE, )
)
      Petitioner, )
)
v. ) Case No. CIV-19-289-R
)
)
THE BOARD OF IMMIGRATION )
APPEALS, )
)
      Respondent. )

# ORDER

Before this Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner, a citizen of Ghana, seeks to block his removal from the United States.[1] But petitions brought pursuant to 28 U.S.C. § 2241 are "not the proper vehicle to challenge an alien's removal." *Ong Vue v. Allbaugh*, 682 F. App'x 636, 639 (10th Cir. 2017). Rather, under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."

The Court must determine which court of appeals is "appropriate" here. Under the statute, a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).[2]

---

[1] The United States Immigration Court in Dallas, Texas, ordered Petitioner removed from the United States on October 9, 2018. *See* Doc. 1-12. The Board of Immigration Appeals ("BIA") affirmed the immigration court's decision and dismissed Petitioner's appeal on March 14, 2019. *See* Doc. 1-15.
[2] Section 1252(b)(2) is "a non-jurisdictional venue provision." *Lee v. Lynch*, 791 F.3d 1261, 1263 (10th Cir. 2015).

Where, as here, "a hearing takes place telephonically or by videoconference," the Tenth Circuit has followed the guidance of "an internal memorandum issued by the Office of the Chief Immigration Judge" in determining where proceedings were completed. *See Vargas v. Sessions*, 680 F. App'x 681, 684 (10th Cir. 2017) (citing *Medina-Rosales v. Holder*, 778 F.3d 1140, 1143 (10th Cir. 2015)); *see also* Doc. 1-15, at 2 n.1. Pertinently, this memorandum designates "the location where the case is docketed for hearing" as "the hearing location." *Id*. (internal quotation marks, citation, and emphasis omitted).

In its decision, the Board of Immigration Appeals ("BIA") notes that Petitioner's removal proceedings "were *completed* at the Daniel L. Moss Criminal Justice Center in Tulsa, Oklahoma," though the Immigration Judge "conducted the hearings . . . remotely from the Immigration Court in Dallas, Texas, via video teleconference." Doc. 1-15, at 2 n.1 (emphasis added). Accordingly, venue is proper in the United States Court of Appeals for the Tenth Circuit, as Petitioner's hearing location—where the proceedings were completed—was Tulsa, Oklahoma. *See Vargas*, 680 F. App'x at 684 (finding venue proper in the Tenth Circuit where petitioner was physically present in New Mexico, but immigration judge held videoconference from El Paso, Texas); *cf. Medina-Rosales*, 778 F.3d at 1143 (where petitioner was physically present in Tulsa, Oklahoma, "[t]he [immigration judge's] presence in Dallas and the fact that proceedings were conducted by video conference did not change the place of the hearings from Tulsa to Dallas").

Having concluded that the Tenth Circuit—and not the Western District of Oklahoma—is the proper venue for Petitioner's appeal, the Court may cure Petitioner's venue error by resorting to the transfer statute, 28 U.S.C. § 1631, "which permits a court

2

to transfer a case to a court that would have had jurisdiction on the date when the action was filed, where the transferring court lacks jurisdiction over the case in question, and where such a transfer would be in the interest of justice." *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162–63 (10th Cir. 2004) (citing *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003).[3] Accordingly, the clerk of court is directed to transfer this case[4] to the United States Court of Appeals for the Tenth Circuit.

IT IS SO ORDERED this 3rd day of April, 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] The Petitioner's filings indicate he has exhausted his administrative remedies, which is necessary if the Tenth Circuit is to have jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *see also Sidabutar v. Gonzales*, 503 F.3d 1116, 1118–19 (10th Cir. 2007).

[4] In light of this case's transfer, the Court declines to consider Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). This pending motion, along with the entire case, shall be transferred to the Tenth Circuit, which may consider its merits.